UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEAN ADAMS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>　　　　　　Defendant. | NO: 13-CV-0368-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER WITH LEAVE TO RENEW |

BEFORE THE COURT is Plaintiff's Motion for Protective Order Preventing Disclosure of Mental Health Records (ECF No. 24). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff was employed as a conductor by Defendant BNSF Railway Company ("BNSF"), a rail carrier operating a system of railroads in and through several states, including Washington. Plaintiff's complaint alleges that the air horn

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER ~ 1

on the locomotive malfunctioned and remained on for a significant period of time, and that as a result, Plaintiff suffered injuries. Plaintiff sued Defendant in this Court, alleging violations of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51, *et seq.*, and of the Federal Locomotive Inspection Act ("LIA"), 49 U.S.C., § 20701, *et seq*. Plaintiff alleges that Defendant's violations of and negligence under FELA and other safety statutes have, *inter alia*, resulted in permanent physical injury to his ears and hearing acuity, and that Plaintiff has suffered in the past and will continue to suffer in the future pain and anguish, loss of enjoyment of life, permanent injury and disability and other general damages.

DISCUSSION

In the motion now before the Court, Plaintiff moves the Court for a protective order pursuant to Fed. R. Civ. P. 26(c) to preventing disclosure of his mental health records, which BNSF has subpoenaed. Plaintiff argues that Mr. Adams' mental health records are highly confidential, privileged and private, and are not at discoverable here because he has not put his mental health at issue. ECF No. 24 at 1. Plaintiff contends that he alleges physical injuries only, and does not allege emotional distress or seek compensation for injuries to his mental health in this case. *Id*. at 2. Defendant contends that Plaintiff's allegation that he suffered "anguish, loss of enjoyment of life, permanent injury and other general damages" entitles it to obtain medical records from Columbia Medical Associates, which

1  may or may not pertain to mental or physical maladies from which Mr. Adams
2  may suffer. ECF No. 27 at 2. Defendant maintains that Plaintiff waived his
3  privilege upon filing a complaint for personal injury under Washington law. *Id*. As
4  explained below, the Court finds that Plaintiff's complaint does not waive the
5  privilege; however, Plaintiff's burden of establishing the privilege has not been
6  met because it is unclear whether the subpoenaed medical records contain mental
7  health records.

       Civil discovery is quite broad. Fed. R. Civ. P. 26(b), provides in relevant part:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). The dispute currently before the Court concerns the scope of privileged matter. Federal Rule of Evidence 501 provides that "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege…"

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER ~ 3


As an initial matter, the Court notes that federal law governs this claim, as Plaintiff's lawsuit arises under two federal statutes, FELA and LIA. According to Rule 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." This is not such a case. Thus, contrary to Defendant's assertion, state law does not govern the claim of privilege. Were this a case in which Rule 501 incorporated Washington law, Plaintiff's physician-patient and psychologist-patient privileges would be waived by operation of law, ninety days after filing this action. *See Lodis v. Corbis Holdings, Inc.*, 172 Wash.App. 835, 854-55 (2013). The federal law approach to waiver is slightly more complicated.

In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court first recognized a psychotherapist-patient privilege in federal law. *Jaffee* concerned a civil rights suit claiming the excessive use of force by a police officer. There, the plaintiff sought to compel disclosure of the defendant police officer's confidential communications with his therapist, a licensed clinical social worker. The Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501." *Id*. at 15. Significantly, the Court limited the psychotherapist-patient privilege to licensed social workers, psychiatrists and psychologists. *Id*. The Court squarely rejected the position that a court should

As an initial matter, the Court notes that federal law governs this claim, as Plaintiff's lawsuit arises under two federal statutes, FELA and LIA. According to Rule 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." This is not such a case. Thus, contrary to Defendant's assertion, state law does not govern the claim of privilege. Were this a case in which Rule 501 incorporated Washington law, Plaintiff's physician-patient and psychologist-patient privileges would be waived by operation of law, ninety days after filing this action. *See Lodis v. Corbis Holdings, Inc.*, 172 Wash.App. 835, 854-55 (2013). The federal law approach to waiver is slightly more complicated.

In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court first recognized a psychotherapist-patient privilege in federal law. *Jaffee* concerned a civil rights suit claiming the excessive use of force by a police officer. There, the plaintiff sought to compel disclosure of the defendant police officer's confidential communications with his therapist, a licensed clinical social worker. The Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501." *Id*. at 15. Significantly, the Court limited the psychotherapist-patient privilege to licensed social workers, psychiatrists and psychologists. *Id*. The Court squarely rejected the position that a court should

balance the need for relevant information in the particular case against the invasion of a patient's privacy. *Id*. at 17 ("Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege"). In *Jaffee*, however, there was no waiver issue. The Court did observe that a "patient may of course waive the protection" of the privilege, *id*. at 15 n. 14, but the Court did not speak further on the subject of waiver.

This Court has located only one published Circuit Court of Appeals decision that addresses the waiver of the psychotherapist-patient privilege. *Doe v. Oberweis Dairy*, 456 F.3d 704 (7th Cir. 2006). The Seventh Circuit plainly held, "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Id*. at 718 (citations omitted).

On the other hand, the district courts have not been so quick to accept such a broad statement. Three different approaches have emerged for determining when a plaintiff waives the psychologist-patient privilege: a broad approach (privilege is waived upon allegation of emotional distress in the complaint); a middle ground approach (privilege is waived when plaintiff alleges more than "garden variety" emotional distress, like a specific psychiatric disorder); and a narrow approach

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER ~ 5

(privilege is waived only when there is affirmative reliance on psychotherapist-patient communications).  *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636–37 (N.D.Cal. 2003) (no waiver of privacy when plaintiff did not allege "cause of action for intentional or negligent infliction of emotional distress" or "specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations").

Here, Plaintiff claims that he

> sustained severe and permanent physical injuries to his ears, tinnitus, and overall hearing acuity and other parts of his body; and that Plaintiff has suffered in the past, and will continue in the future to suffer pain and anguish, loss of enjoyment of life, permanent injury and disability and other general damages.

ECF No. 1 at 3.  Plaintiff further alleges that he

> has lost past and future wages and fringe benefits and has sustained a permanent diminution of earning capacity, and has incurred past and will incur future medical expenses and other special damages in amounts to be proven by the evidence at the trial of this matter.

*Id*. at 4.

The Court agrees with Plaintiff that such allegations are insufficient to put his mental health at issue. Plaintiff alleges that he was physically injured and, as a result, suffers general anguish and loss of enjoyment of life. This is, in the Court's view, no more than "garden variety" emotional distress, arising out of a physical injury. It is not the sort of specific psychological disorder, or even an allegation of

1  freestanding emotional distress, that the *Fitzgerald* court envisioned. *See*

2  *Fitzgerald v. Cassil*, 216 F.R.D. at 636–37.  At trial, the Court will hold Plaintiff to

3  these representations.

4  However, based on the present record, the Court is not convinced there are

5  any records from "licensed psychiatrists and psychologists" or "licensed social

6  workers." As Defendant points out, it seeks medical records from Columbia

7  Medical Associates, which may or may not pertain to mental or physical maladies

8  from which Mr. Adams may suffer.   Plaintiff bears the burden of establishing the

9  applicability of a privilege. The Court is authorized to conduct an *in camera*

10 review, seal the records, or limit their use at trial as necessary to protect the

11 plaintiff's privacy.  *See Doe v. Oberweis Dairy*, 456 F.3d at 718.  That procedure

12 appears to be necessary here, where it is not at all clear what records are at issue.

13 **IT IS HEREBY ORDERED:**

14 1. Plaintiff's Motion for Protective Order (ECF No. 32) is **DENIED** with
15    leave to renew.
16 2. To the extent Plaintiff seeks to withhold information or records falling
17    within the federally recognized psychotherapist-patient privilege, he shall
18    submit such information and records to the Court, *in camera*, no later
19    than **September 15, 2014**.

20 ///

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER ~ 7

1   The District Court Executive is hereby directed to enter this Order and

2   provide copies to counsel.

3   **DATED** September 8, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER ~ 8